BEST BEST & KRIEGER LLP
G. HENRY WELLES, Bar No. 157193
Henry.Welles@bbklaw.com
74-760 Highway 111
Suite 100
Indian Wells, CA  92210
Telephone:    (760) 568-2611
Telecopier:   (760) 340-6698

Attorneys for Plaintiff
ERNIE BALL, INC., a California corporation,

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Ball, Inc., a California corporation, | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. Federal  Trademark Infringement;** |
| Ahadi Guitars LLC, an  Arizona Limited Liability Corporation; and DOES 1-10, | **2. Federal Trade Dress Infringement;** |
| Defendants. | **3. Federal Trademark Dilution;** |
| | **4. Federal Unfair Competition;** |
| | **5. Common Law Trademark Infringement; and** |
| | **6. Common Law Unfair Competition** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

1       For its Complaint Against Defendants AHADI GUITARS LLC, an Arizona

2   Limited Liability Corporation, and DOES 1-10, Plaintiff ERNIE BALL, INC. alleges as

3   follows:

4                  **JURISDICTION AND VENUE**

5       1.     This is an action for pecuniary and injunctive relief from violations of the

6   Lanham Act, arising under the laws of the United States 15 U.S.C. §§ 1051 et seq. and for

7   pecuniary and injunctive relief for unfair competition and trademark infringement.

8   Liability also exists under Arizona common law.

9       2.     This Court has jurisdiction over the subject matter of this action as provided

10   for in 28 U.S.C. §§ 1331; 15 U.S.C. §§ 1121; and 28 U.S.C. §§ 1338. This Court also has

11   jurisdiction under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

12       3.     Defendants are subject to personal jurisdiction in this Court because

13   Defendants are headquartered and incorporated in the State of Arizona, and that is the

14   residence for purposes of jurisdiction. Plaintiff is informed and believes Defendants are

15   manufacturing, advertising, and selling infringing goods in the state of Arizona, as well

16   as interstate. Plaintiff is informed and believes that Arizona is where events or omissions

17   giving rise to the claims occurred. Venue is proper in this district court under 28 U.S.C. §§

18   1391.

19                      **PARTIES**

20       4.     Plaintiff Ernie Ball, Inc. ("Ernie Ball") is, and at all times herein mentioned

21   was, a corporation organized and existing under the laws of the State of California, having

22   its principal place of business in the city of Coachella, Riverside County, California. Ernie

23   Ball designs, manufactures, distributes, licenses, and sells electric guitars and basses and

24   musical equipment and accessories.

25       5.     Ahadi Guitars LLC ("Ahadi Guitars") is an Arizona Corporation.

26   Headquartered with its registered address at 1846 E. Innovation Park Dr., Ste. 100, Oro

27   Valley, Pima, AZ 85755. The registered agent is Northwest Registered Agent, LLC with

28   the agent address registered at 1846 E. Innovation Park Dr., Ste. 100, Oro Valley, Pima,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

                             COMPLAINT

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1   AZ 85755.  Plaintiff is informed and believes the actual physical address of the Ahadi

2   Guitars business is in Phoenix, AZ.

3         6.     Plaintiff is unaware of the true names and capacities of defendants sued

4   herein as DOES 1 through 10, and, therefore, sues these defendants by such fictitious

5   names. Plaintiff is informed and believes that each fictitiously sued defendant was and is

6   in some way responsible for the acts alleged in the Complaint.

7         7.     Plaintiff is further informed and believes that at all times herein mentioned,

8   each of the Defendants was the agent, representative, and joint venturer of each other, and

9   were acting on behalf of such joint venture and/or partnership, and within the course and

10  scope of said agency, in performing the acts as set forth in this Complaint. Plaintiff is

11  informed and believes that, Defendants, and each of their, acts as hereinafter referred,

12  were engaged in with the full authorization and ratification of each other and each of them

13  and were within the scope and course of such agency, representation and joint venture.

## FIRST CLAIM FOR RELIEF

### [Federal Trademark Infringement 15 U.S.C. §1114]

16        8.     Plaintiff repeats and realleges every allegation set forth in paragraphs 1

17  through 7 herein.

18        9.     On or about July 12, 1988, U.S. Trademark Registration No. 1,495,728 was

19  issued for a design trademark for the 3+1 tuner configuration for use on musical

20  instruments including guitar and bass guitar headstocks. First use in commerce was on or

21  about 1988.

22        10.    Ernie Ball is the owner of the entire right, title and interest in and to the

23  1,495,728 design trademark for 3+1 tuner configuration for guitar/bass guitar headstocks.

24  (A copy of the 1,495,728 Trademark Registration is attached as Exhibit "A.") The mark

25  has attained incontestable status.

26        11.    On or about January 22, 1991, U.S. Trademark Registration No. 1632297

27  was issued for a design trademark for the 4+2 tuner configuration for use on musical

28  instruments including guitar headstocks. First use in commerce was on or about 1990.

12.     Ernie Ball is the owner of the entire right, title and interest in and to the 1632287 design trademark for 4+2 tuner configuration for guitar headstocks.  The mark has attained incontestable status.

13.     Plaintiff is informed and believes that at all times relevant, and prior to the infringement, Defendants are, and were, on actual notice, or at a minimum constructive notice, that Plaintiff's above referenced trademarks are registered with the United States Patent and Trademark Office and so are protected. Furthermore, Ernie Ball sent a cease and desist letter to Ahadi Guitars on May 20, 2022. (Exhibit "C.")  The response to the letter from the attorney for Ahadi Guitars (Exhibit "D"), dated May 31, 2022 was essentially that Ahadi intended to keep infringing. The purported justification for refusing to cease and desist infringement was based on false statements and flawed legal analysis. The legal analysis is so nonsensical it appears to be deliberate obfuscation and bad faith.

14.     At all material times herein, Plaintiff has been engaged in the manufacture, advertising, and interstate and international wholesale distribution, and sale, of bass guitar, and guitar, musical instruments and affiliated products, under the names and marks Ernie Ball® and Music Man® among others.

15.     The above referenced bass guitar musical instruments feature the trademark 3+1 tuner configuration for guitar/bass guitar headstocks, as protected by Federal Trademark Registration No. 1495728. The above referenced guitar musical instruments feature the trademark 4+2 tuner configuration for guitar headstocks, as protected by Federal Trademark Registration No. 1632287.  Plaintiff has been in continuous use of this mark since the dates of registration. (The "Trademarked Products.") The 4+2 and 3+1 tuner configurations always appear on headstocks also bearing the  Ernie Ball® and Music Man® trademarks, or in some cases licensed products under the Sterling® brand trademark licensed by Plaintiff.

16.     The Defendants' products that infringe upon Plaintiff's trademarks include:

a.     Baba Masut-Baritone (Exhibit "E");

b.     Joon (Exhibit "F");

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

c.    Shahram (Exhibit "G"); and

d.    Venus (Exhibit "H")

17.    Plaintiff sells its Trademarked Products throughout the United States, and overseas. Plaintiff's Trademarked Products are sold through approved dealerships in various States, and through the Internet advertising nationally and internationally. Plaintiff's Trademarked Products have been, and continue to be, extensively advertised and sold nationally and internationally.

18.    Plaintiff is informed and believes that Defendants manufacture, advertise, distribute, and sell infringing bass guitars and infringing guitars that feature headstocks with the 3+1 and 4+2 tuner configurations for bass guitar and guitar. This infringes upon Plaintiff's registered trademarks. A true and correct copy of excerpts printed from Defendants' Internet web page showing infringing use are previously attached hereto as Exhibits "E" through "H."

19.    Plaintiff is informed and believes that Defendants, and each of them, have infringed, and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of the registered 3+1 and 4+2  trademarks referenced hereinabove. Defendants' infringing activities in the United States and this District include manufacture, advertising, use, sale, and/or offer for sale, of products using Plaintiff's federally registered 3+1 and 4+2 trademark tuner configurations for bass guitar headstocks and guitar headstocks.

20.    Plaintiff is informed and believes that the Defendants above alleged infringing activities are conducted in and through interstate commerce, including through the Internet, and internationally, and as such are likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of Defendants' goods and Plaintiff's goods.

21.    This Complaint is notice to the Defendants of Plaintiff's ownership of the above registered marks, and trade dress rights in its 3+1 and 4+2 tuner configuration trademarks, and of Defendants' unfair competition, and is a notice and demand to

BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

Defendants to immediately cease and desist their unlawful activities. Plaintiff is informed and believes that Defendants have, and continue to, refuse to comply, based in part on the cease and desist letter and response attached hereto as Exhibits "C" and "D."

22.    Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake caused by Defendants' wrongful advertising and sales of its infringing goods as alleged hereinabove, that Defendants have made substantial profits, in an amount in excess of the jurisdictional minimum of this Court, and subject to proof.

23.    Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused by Defendants' wrongful advertising and sales of its infringing goods as alleged hereinabove, that Plaintiff has been deprived of substantial sales and/or license fees, and deprived in some part of the value of its trademarks as commercial assets, all in an amount in excess of the jurisdictional minimum of this Court, subject to proof.

24.    Plaintiff is informed and believes, and thereon alleges that, unless restrained by this Court, that Defendants will continue to infringe upon Plaintiff's registered trademarks, as and in the manner alleged hereinabove, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation is inadequate, and will not afford Plaintiff adequate relief for the ongoing damage to its trademark in the public perception. The Court should further order that all infringing product, items, parts, articles, and advertising materials shall be delivered up by Defendants and destroyed.

25.    Plaintiff is informed and believes that Defendants' infringement is intentional, willful, and/or deliberate, and this case should be declared an "exceptional

1    case" pursuant to 15 U.S.C. § 1117, and that Defendants should be accordingly ordered to

2    pay Plaintiff's attorney fees and costs, according to proof.

3                              **SECOND CLAIM FOR RELIEF**

4                    **[Federal Trade Dress Infringement 15 U.S.C. § 1125]**

5         26.    Plaintiff repeats and realleges every allegation set forth in paragraphs 1

6    through 7, and 9 through 25 herein.

7         27.    In addition to the federally registered trademarks alleged hereinabove,

8    Plaintiff has trade dress rights in the design, shape, configuration, and unique appearance

9    of the 3+1 and 4+2 tuner configurations on the headstock of its bass guitars and guitars.

10   The trademark 3+1 and 4+2 tuner configurations on the headstock of the Ernie Ball Music

11   Man bass guitars and guitars are non-functional.

12        28.    Plaintiff's trademarks and trade dress in its musical instruments are famous

13   marks by virtue of the advertising and industry position of Plaintiff Ernie Ball, and by the

14   use of the products by present and former high profile endorsees such as guitar players

15   Eddie Van Halen, John Petrucci, Steve Lukather, St. Vincent, James Valentine, and bass

16   player Steve LaRue.  Randy Jackson of American Idol used a Music Man Bass guitar with

17   3+1 tuner configuration on the headstock on one of the episodes in 2007/2008. The Music

18   Man Bass guitars are one of the recognized industry best and are used extensively by

19   performers throughout the world.

20        29.    By virtue of extensive advertising and sales over decades, together with

21   consumer acceptance and recognition, Plaintiff's products have numerous source

22   indicating features (trade dress), including but not limited to the 3+1 tuner configuration

23   on the headstock of the Ernie Ball Music Man bass guitars and 4+2 tuner configurations

24   on Ernie Ball Music Man guitars. Plaintiff's marks have become, and are, valuable assets

25   symbolizing Plaintiff, the quality of Plaintiff's goods and Plaintiff's goodwill. Plaintiff's

26   above alleged trade dress is inherently distinctive and/or has acquired secondary-meaning.

27        30.    Defendants' infringing bass guitar models use the trademark 3+1 tuner

28   configuration of the Ernie Ball Music Man bass guitars, and the infringing guitar models

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

use the trademark 4+2 tuner configuration of the Ernie Ball Music Man guitars, in a manner that is visually nearly identical, or at a minimum a colorable, copy of the Plaintiff's trademark/trade dress.

31.   Plaintiff is informed and believes that Defendants have infringed, and continue to infringe; have induced and continue to induce others to infringe; and/or have committed and continue to commit acts of contributory infringement of the trade dress of Plaintiff's above referenced musical instruments. Defendants' infringing activities in the United States and this District include import, distribution, use, sale, and/or offer for sale, and/or licensing for sale, of products that include and feature: counterfeits, copies, and/or colorable copies the trademark 3+1 and 4+2 tuner configuration of the Ernie Ball Music Man instruments. This is misappropriation and infringement of Plaintiff's trade-dress.

32.   Plaintiff is informed and believes that the Defendants' above alleged infringing activities are conducted in and through interstate commerce, and internationally, and as such are likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendants' goods, and is likely to lead to confusion with the Plaintiff and its goods and licensees.

33.   Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused by Defendants' wrongful advertising and sales of its infringing goods as alleged hereinabove, that Defendants have made substantial profits, in an amount in excess of the jurisdictional minimum of this Court, and subject to proof.

34.   Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused by Defendants' wrongful advertising and sales of its infringing goods as alleged hereinabove, that Plaintiff has been deprived of

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1   substantial sales and/or license fees, and deprived in some part of the value of its trade

2   dress and trademarks as commercial assets, all in an amount in excess of the jurisdictional

3   minimum of this Court, subject to proof.

4        35.    Plaintiff is informed and believes, and thereon alleges that, unless restrained

5   by this Court, the Defendants will continue to infringe upon Plaintiff's trade dress in the

6   above referenced musical instruments, in the manner alleged hereinabove, thus

7   engendering a multiplicity of judicial proceedings, and pecuniary compensation is

8   inadequate, and will not afford Plaintiff adequate relief for the ongoing damage to its trade

9   dress in the public perception. The Court should further order that all infringing product,

10   parts, articles, and advertising materials shall be delivered up by Defendants and

11   destroyed.

12        36.    Plaintiff is informed and believes that Defendants' infringement is

13   intentional, willful, and/or deliberate, and this case should be declared an "exceptional

14   case" pursuant to 15 U.S.C. § 1117, and that Defendants be ordered to pay Plaintiff's

15   attorney fees and costs, according to proof.

16   **THIRD CLAIM FOR RELIEF**

17   **[Federal Trademark Dilution 15 U.S.C. § 1125]**

18        37.    Plaintiff repeats and realleges every allegation set forth in paragraphs 1

19   through 7, 9 through 25, and 27 through 36 herein.

20        38.    Plaintiff's registered trademarks and Plaintiff's trade dress, as alleged

21   hereinabove, are famous under the definition of 15 U.S.C. § 1125.

22        39.    Defendants' use of the trademarks and trade dress of Plaintiff's musical

23   instruments as alleged hereinabove began after Plaintiff's marks and trade dress became

24   famous. Defendants' actions blur and tarnish the distinctive qualities of Plaintiff's famous

25   marks and trade dress. Defendants' have intentionally copied, and continue to copy,

26   Plaintiff's marks and trade dress [because they are famous and thus worth copying] by

27   manufacturing, selling, distributing, advertising, and offering for sale instruments with

28   3+1 and 4+2 tuner configurations on the headstock that is virtually identical to the Ernie

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

Ball Music Man configurations. Defendants' actions impugn the Plaintiff's reputation for excellence symbolized by Plaintiff's marks and trade dress. For example, Plaintiff's instruments are handcrafted in the United States with decades of experience and refinement, while Defendants are new to the industry and inexperienced, producing lower priced lower quality instruments. Plaintiff is deprived of its lawful right to control the reputation for excellence and high quality symbolized by its marks and trade dress by Defendants' actions.

40.     Plaintiff is informed and believes that the Defendants' above alleged infringing activities are conducted in and through interstate commerce, and internationally, and Defendants' conduct is causing the confusion and/or deception of the public that Defendants' products are in some way sponsored by, affiliated with, or approved by Plaintiff, when they are not. Plaintiff is informed and believes that Defendants' actions have resulted in actual harm to the Plaintiff.

41.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' actions in misappropriating and diluting Plaintiff's marks and trade dress, and the resulting advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused thereby, that Defendants have made substantial profits, in an amount in excess of the jurisdictional minimum of this Court, and subject to proof.

42.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' actions in misappropriating and diluting Plaintiff's marks and trade dress, and the resulting advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused thereby, that Plaintiff has been deprived of substantial sales and/or license fees, and deprived in some part of the value of its trademarks as commercial assets, all in an amount in excess of the jurisdictional minimum of this Court, subject to proof.

43.    Plaintiff is informed and believes, and thereon alleges that, unless restrained by this Court, that Defendants will continue to misappropriate and dilute Plaintiff's trademarks and trade dress referenced hereinabove, in the manner alleged hereinabove, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation is inadequate, and will not afford Plaintiff adequate relief for the ongoing damage to its trade dress in the public perception. The Court should further order that all infringing articles and advertising materials shall be delivered up by Defendants and destroyed.

44.    Plaintiff is informed and believes that Defendants' misappropriation and dilution of Plaintiff's trademark, and Defendants' trade dress infringement is intentional, willful, and/or deliberate, and this case should be declared an "exceptional case" pursuant to 15 U.S.C. § 1117, and that Defendants should be ordered to pay Plaintiff's attorney fees and costs, according to proof.

## FOURTH CLAIM FOR RELIEF

### [Federal Unfair Competition 15 U.S.C. § 1125]

45.    Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 7, 9 through 25, 27 through 36, and 38 through 44 herein.

46.    By the acts described hereinabove, Defendants have engaged in ongoing unlawful and unfair business practices, in violation of 15 U.S.C. § 1125.

47.    As a direct and proximate cause of Defendants' unlawful and unfair business practices, Plaintiff is informed and believes it has suffered damages in excess of the jurisdictional amount of this Court, and subject to proof at trial, and that Defendants have made substantial profits, in an amount in excess of the jurisdictional minimum of this Court, and subject to proof, which Plaintiff is entitled to recover.

48.    Plaintiff is informed and believes, and thereon alleges that, unless restrained by this Court, that Defendants will continue to engage in unfair business practices as alleged hereinabove, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation is inadequate, and will not afford Plaintiff adequate relief for the ongoing damage. The Court should further order that all infringing product, parts, articles

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

and advertising materials used in connection with the herein alleged unfair competition shall be delivered up by Defendants and destroyed.

49.     Plaintiff is informed and believes that Defendants' unfair competition is intentional, willful, and/or deliberate, and this case should be declared an "exceptional case" pursuant to 15 U.S.C. § 1117, and that Defendants be ordered to pay Plaintiff's attorney fees and costs, according to proof.

**FIFTH CLAIM FOR RELIEF**

**[Common Law Trademark Infringement]**

50.     Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 7, 9 through 25, 27 through 36, 38 through 44, and 46 through 49.

51.     By the acts described hereinabove, Defendants have engaged in ongoing trademark infringement, in violation of common law.

52.     Plaintiff is informed and believes that the Defendants' above alleged infringing activities are likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of Defendants' goods, and is likely to lead to consumer confusion with the Plaintiff and its goods and licensees.

53.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused by Defendants' wrongful advertising and sales of its infringing goods as alleged hereinabove, that Defendants have made substantial profits, in an amount in excess of the jurisdictional minimum of this Court, and subject to proof.

54.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the advantage accruing to Defendants' business from Plaintiff's national and international advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake, caused by Defendants' wrongful advertising and sales of its infringing goods as alleged hereinabove, that Plaintiff has been deprived of

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1    substantial sales and/or license fees, and deprived in some part of the value of its

2    trademark as commercial assets, all in an-amount in excess of the jurisdictional minimum

3    of this Court, subject to proof.

4         55.    Plaintiff is informed and believes, and thereon alleges that, unless restrained

5    by this Court that defendant will continue to infringe upon Plaintiff's trademark/trade

6    dress in the above referenced musical instruments, in the manner alleged hereinabove,

7    thus engendering a multiplicity of judicial proceedings, and pecuniary compensation is

8    inadequate, and will not afford Plaintiff adequate relief for the ongoing damage to its trade

9    dress in the public perception. The Court should further order that all infringing product,

10   parts, articles and advertising materials shall be delivered up by Defendants and

11   destroyed.

## SIXTH CLAIM FOR RELIEF

## [Common Law Unfair Competition]

14        56.    Plaintiff repeats and realleges every allegation set forth in paragraphs 1

15   through 7, 9 through 25, 27 through 36, 38 through 44, 46 through 49, and 51 through 55.

16        57.    Defendants' actions as alleged hereinabove constitute unfair competition at

17   common law, as a result of which Plaintiff has suffered, and will continue to suffer

18   damages, in an amount according to proof, and irreparable injury.

19        58.    Defendants' conduct is believed to be willful and intentional and malicious,

20   and designed to harm Plaintiff, thus justifying an award of punitive damages at trial, in an

21   amount according to proof. Plaintiff is also entitled to recover reasonable attorney fees

22   and costs.

## REQUESTED RELIEF

24        WHEREFORE, Plaintiff Ernie Ball prays for judgment against Defendants and

25   each of them, jointly and severally:

26        A.    That Defendants and their officers, agents, servants, employees, attorneys,

27   parents, subsidiaries, affiliates, successors, and all others in active concert or participation

28   with them or acting on their behalf, be preliminarily and permanently enjoined from

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1   manufacturing, producing, distributing, selling, advertising, or in any way dealing with

2   musical instruments, including bass guitars, that use the 3+1 tuner configuration on the

3   headstock, and guitars with the 4+2 tuner configuration on the headstock, that are the

4   trademarks/trade dress of Plaintiff Ernie Ball, Inc.; that they be enjoined from further

5   infringement of Plaintiff's registered trademarks, trade dress, and common law

6   trademarks; that they be preliminarily and permanently enjoined from passing off,

7   palming off, or assisting in passing or palming off Defendants' goods as those of the

8   Plaintiff; or counterfeiting or assisting in counterfeiting of Plaintiff's goods; or otherwise

9   continuing any and all acts of unfair competition and trademark and trade dress

10  infringement, as alleged in this Complaint.

11          B.      That the Court Order that Defendants be required to:

12          1.      Provide Plaintiff with a complete inventory list of all colorable parts

13  and products of Defendants using 3+1 and 4+2 tuner configurations on the headstock,

14  including but not limited to, the instruments identified in Exhibits "E" trough "H" hereto.

15  This includes all such instruments manufactured, and/or advertised, and/or sold by the

16  Defendants, and/or all such product and parts that Defendants have ever dealt with in any

17  way, and account to Plaintiff as trustee ex-maleficio for the entire production, distribution,

18  and sales, and all profits derived therefrom by the Defendants;

19          2.      Use their best efforts to recall from trade any and all infringing

20  goods, and deliver up to Plaintiff for destruction all colorable infringing copy guitars and

21  bass guitars with 4+2 and 3+1 tuner configurations, product, packages, literature, labels,

22  advertising, and other materials of an infringing, false, misleading, or unfair nature, as

23  well as such product in Defendants' possession or control; and

24          3.      File with this Court and serve on Plaintiff a report in writing, under

25  oath, setting forth in detail the manner and form in which Defendants have complied with

26  the terms of any injunction entered by this Court.

27          C.      That Defendants be ordered to account for and disgorge and pay to Plaintiff

28  all profits derived by Defendants from their aforesaid acts, including acts of infringement,

1   dilution, and unfair competition, in an amount in excess of the jurisdictional minimum of

2   this Court, and according to proof;

3       D.      That Defendants be ordered to pay damages resulting to Plaintiff by the

4   above alleged activities of infringement, dilution, and unfair competition, in an amount in

5   excess of the jurisdictional minimum of this Court, and according to proof;

6       E.      That this case be declared an "exceptional case' pursuant to 15 U.S.C. §

7   1117, given Defendants' willful and deliberate infringement and unfair competition, and

8   that Defendants be ordered to pay Plaintiff's attorney fees and costs; according to proof;

9       F.      That Plaintiff be awarded punitive damages as and where warranted by law;

10      G.      That Plaintiff be awarded pre and post judgment interest as and where

11   authorized by law; and

12      H.      That Plaintiff be granted such other and further relief,. Including injunctive

13   relief, where and as the case may require, and the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

14

15   Plaintiff demands trial by jury on all issues so triable.

16   Dated: June 27, 2022                    BEST BEST & KRIEGER LLP

17

18                                           By:// G. Henry Welles
19                                           _____
                                             G. HENRY WELLES
                                             Attorneys for Plaintiff
20                                           ERNIE BALL, INC., a California
                                             corporation
21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

# EXHIBIT "A"

Int. Cl.: 15

Prior U.S. Cl.: 36

**United States Patent and Trademark Office**

Reg. No. 1,495,728
Registered July 12, 1988

## TRADEMARK
### PRINCIPAL REGISTER



ERNIE BALL INC. (CALIFORNIA CORPORA-
TION)
P.O. BOX 4117
151 SUBURBAN ROAD
SAN LUIS OBISPO, CA 93403

FOR: MUSICAL INSTRUMENTS, NAMELY,
ELECTRIC BASS GUITARS, IN CLASS 15 (U.S.
CL. 36).

FIRST   USE   6-0-1976;   IN   COMMERCE
6-0-1976.

OWNER OF U.S. REG. NO. 1,273,186.

SEC. 2(F).

SER. NO. 662,676, FILED 5-26-1987.

JANICE O'LEAR, EXAMINING ATTORNEY

# EXHIBIT "B"

Int. Cl.: 15

Prior U.S. Cl.: 36

## United States Patent and Trademark Office

Reg. No. 1,632,297
Registered Jan. 22, 1991

### TRADEMARK
### PRINCIPAL REGISTER



ERNIE BALL, INC. (CALIFORNIA CORPORA-
TION)
P.O. BOX 4117
151 SUBURBAN ROAD
SAN LUIS OBISPO, CA 93403

FOR: MUSICAL INSTRUMENTS, NAMELY,
GUITARS, IN CLASS 15 (U.S. CL. 36).
FIRST USE 6-25-1982; IN COMMERCE
6-25-1982.
OWNER OF U.S. REG. NOS. 1,273,186 AND
1,495,728.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE THE PARTICULAR SHAPE OF

THE INSTRUMENT HEADSTOCK, APART
FROM THE MARK AS SHOWN.

THE MARK COMPRISES THE ARRANGE-
MENT OF THE INSTRUMENT STRING POSTS
AND TUNING KEYS, THE HEAD OF THE IN-
STRUMENT BEING SHOWN IN PHANTOM TO
IDENTIFY THE LOCATION OF THE STRING
POSTS AND TUNING KEYS.

SER. NO. 74-044,289, FILED 3-29-1990.

ESTHER SMITH, EXAMINING ATTORNEY

*EXHIBIT "C"*

**BB&K**

**BEST BEST & KRIEGER ᴸᴸᴾ**
ATTORNEYS AT LAW

Bend OR
(541) 382-3011

Indian Wells
(760) 568-2611

Irvine
(949) 263-2600

Los Angeles
(213) 617-8100

Ontario
(909) 989-8584

Riverside
(951) 686-1450

Sacramento
(916) 325-4000

San Diego
(619) 525-1300

Walnut Creek
(925) 977-3300

Washington, DC
(202) 785-0600

74760 Highway 111, Suite 100, Indian Wells, CA 92210
Phone: (760) 568-2611 | Fax: (760) 340-6698 | www.bbklaw.com

G. Henry Welles
(760) 837-1609
henry.welles@bbklaw.com
File No. 79803.00001

May 20, 2022

**VIA E-MAIL AND US MAIL**
AHADIGUITARS@GMAIL.COM.

Mr. Kamran Oskoule
Ahadi Guitars LLC
1846 E. Innovation Park Dr., Ste 100
Oro Valley, AZ 85755

     Re:  Trademark Infringement

Dear Mr. Oskoule:

    This firm represents Ernie Ball, Inc. Ernie Ball owns the trademarks for:

     1.  4+2 tuner configuration on headstocks for stringed instruments (guitars) [U.S. Trademark Registration Number 1632297] (See Exhibit "A"); and

     2.  3+1 tuner configuration on headstocks for stringed instruments (bass guitars) [U.S. Trademark Registration Number 1495728] (See Exhibit "B").

    Ernie Ball has been continuously using the 4+2 tuner configuration trademark on its Ernie Ball Music Man instruments since 1982.

    Ernie Ball has been continuously using the 3+1 tuner configuration trademark on its Ernie Ball Music Man instruments since 1976.

    Ernie Ball has become strongly identified by relevant consumers as being the only source of instruments with the 4+2 and 3+1 tuner configurations. These trademarks represent extremely valuable trademarks of our client that must be protected from potential marketplace confusion.

    It has recently come to our client's attention that you are advertising and selling bass guitars under your company name that feature the trademarked 3 + 1 tuner configuration and guitars that feature the 4+2 tuner configuration. Some of these infringing instruments are featured on your



# BEST BEST & KRIEGER
### ATTORNEYS AT LAW

Mr. Kamran Oskoule
May 20, 2022
Page 2

website as shown in the following Exhibit "C."   In addition examples of infringing instruments made by and sold by you are as follows:

  

You are using trademarks owned and licensed by Ernie Ball on the same type of products (guitars and bass guitars) as Ernie Ball. This certainly is likely to lead to consumer confusion. Ernie Ball must by law protect its trademark rights.

Therefore Ernie Ball demands that you and your company Ahadi Guitars, LLC immediately cease and desist and:

1.      Stop advertising and selling any and all instruments with 4+2 and 3+1 tuner configurations, Ernie ball headstock shapes, or any combination thereof, including but not limited to the infringing instruments found on your website, Facebook page, and any and all social media sites. (The "Infringing Instruments");

2.      Provide an inventory list of all Infringing Instruments that are in inventory, on order, or in production, so that we can know what the extent of the problem is;

3.      Arrange for removal of publication of media such as advertisement for these Infringing Instruments on your website, Facebook page and on any and all social media sites;

4.      Provide a list of all sales of all Infringing Instruments to date;

5.      Deliver to the undersigned all existing guitars, bass guitars, and necks, with 3+1 and/or 4+2 tuners configurations;



**BEST BEST & KRIEGER ≗**
ATTORNEYS AT LAW

Mr. Kamran Oskoule
May 20, 2022
Page 3

      6.      Pay to Ernie Ball, Inc. damages for your infringement in the amount of $5,000.

Given the importance of this issue to our client, **we require written confirmation, by the close of business on Thursday May 26, 2022 confirming that you will immediately comply with our demands. Should you fail to comply you are hereby placed on notice that your continued advertising and sale of the infringing instruments causes damage to Ernie Ball, Inc. in California.**

This letter is not a complete statement of the rights of Ernie Ball in connection with this matter nor of Ernie Ball's claims against you and Ahadi Guitars, LLC. Nothing contained herein is intended as, nor should it be construed as, an express or implied waiver of any rights, remedies or defenses of Ernie Ball in connection with this matter, all of which are expressly reserved.

Sincerely,

G. Henry Welles
of BEST BEST & KRIEGER LLP

GW:sm
Exhibits

79803.00001\40093087.1

# EXHIBIT "A"

**Int. Cl.: 15**

**Prior U.S. Cl.: 36**

## United States Patent and Trademark Office

Reg. No. 1,632,297
Registered Jan. 22, 1991

### TRADEMARK
### PRINCIPAL REGISTER



ERNIE BALL, INC. (CALIFORNIA CORPORA-
TION)
P.O. BOX 4117
151 SUBURBAN ROAD
SAN LUIS OBISPO, CA 93403

FOR: MUSICAL INSTRUMENTS, NAMELY,
GUITARS, IN CLASS 15 (U.S. CL. 36).
FIRST USE 6–25–1982; IN COMMERCE
6–25–1982.
OWNER OF U.S. REG. NOS. 1,273,186 AND
1,495,728.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE THE PARTICULAR SHAPE OF

THE INSTRUMENT HEADSTOCK, APART
FROM THE MARK AS SHOWN.

THE MARK COMPRISES THE ARRANGE-
MENT OF THE INSTRUMENT STRING POSTS
AND TUNING KEYS, THE HEAD OF THE IN-
STRUMENT BEING SHOWN IN PHANTOM TO
IDENTIFY THE LOCATION OF THE STRING
POSTS AND TUNING KEYS.

SER. NO. 74–044,289, FILED 3–29–1990.

ESTHER SMITH, EXAMINING ATTORNEY

# EXHIBIT "B"

Int. Cl.: 15

Prior U.S. Cl.: 36

## United States Patent and Trademark Office

Reg. No. 1,495,728
Registered July 12, 1988

### TRADEMARK
### PRINCIPAL REGISTER



ERNIE BALL INC. (CALIFORNIA CORPORA-
TION)
P.O. BOX 4117
151 SUBURBAN ROAD
SAN LUIS OBISPO, CA 93403

FOR: MUSICAL INSTRUMENTS, NAMELY,
ELECTRIC BASS GUITARS, IN CLASS 15 (U.S.
CL. 36).

FIRST   USE   6-0-1976;   IN   COMMERCE
6-0-1976.

OWNER OF U.S. REG. NO. 1,273,186.

SEC. 2(F).

SER. NO. 662,676, FILED 5-26-1987.

JANICE O'LEAR, EXAMINING ATTORNEY

*EXHIBIT "C"*



Custom Builder   Model Specs   Artists   Merch
Our Story   Contact

# Dream. Create. Express.

Create your own unique instrument by selecting a model below. Customize a wide range of features such as paint color, wood species, and pickups.

Please allow up to 12 weeks for your build to be complete.



Venus
From $1,300.00 USD

Joan
From $1,050.00 USD

Bass Mount - Sanhche
From $1,300.00 USD





# EXHIBIT "D"



HEATHER *Green* MILLER ESQ.

ATTORNEY AT LAW

*4742 N 24th St. Suite 300 Phoenix, AZ 85016*

May 31, 2022

**VIA EMAIL**

henry.welles@bbklaw.com
Mr. G. Henry Welles

Re: **Cease and Desist response letter for Trademark Infringement**

Dear Mr. G. Henry Welles,

This letter is in response to your 5/20/22 letter regarding the above referenced matter. We represent Mr. Kamarn Oskouie, in connection with his intellectual property matters.

Per your letter, you claim our client's use of the 4+2 and 3+1 headstock layout infringes upon your trademark registration # 1632297 and #1495728 (hereinafter referred to as Ball's Marks). The first factor in a determination of likelihood of confusion requires examination of the Strength of the Trademark in question. "A strong mark is inherently distinctive… it will be afforded the widest ambit of protection from infringing uses according to *AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 204 U.S.P.Q. (BNA) 808 (9th Cir. Cal. June 28, 1979)*. Your client's guitar headshots are not distinctive, they are generic or descriptive at best and therefore is afforded the least amount of protection. Ball's Marks only describes the underlying product, the qualities, features, and characteristic of the guitars and does not identify the source of the products. *In re Pennzoil Products. Co.*, 20 USPQ2d 1753, 1755 (TTAB 1991). "Whether a mark is generic does not depend on whether a select section of the public understands the mark as a source identifier, but rather whether the public as a whole understands the mark to refer to the product and its single source." See Bayer Co. v. United Drug Co. - 272 F. 505 (S.D.N.Y. 1921). Regardless of the length of time Ernie Ball has been using the trademarks, the public as a whole does not associate Ernie Ball as the only source of the 4+2 and 3+1 headstocks. This is evidenced by several third-party companies

that manufacture 4+2 and 3+1 headstocks. See Exhibit A. Furthermore, unlike the respondent in the *Booking.com* case, Ball's Marks do not refer to a specific entity, and does not identify a particular source. *United States PTO v. Booking.com B.V. - 140 S. Ct. 2298 (2020)*. Therefore, the Ball's Marks are generic.

Additionally, our client uses the 4+2 and 3+1 headstocks to describe a feature of his guitars and not as trademark or a brand identifier. There are only a limited number of variations with regard to the headstock designs of any guitar and bass instrument, therefore using the 4+2 and 3+1 headstocks to describe his guitar is descriptive fair use under Section 33(b)(4) of the Lanham Act.

Trademark infringement "is the unauthorized use of a trademark … on or in connection with goods… in a manner that is likely to cause confusion, deception, or mistake about the source of the goods and/or services (http://www.uspto.gov/page/about-trademark-infringement last accessed on May 25, 2022.) Ernie Ball's guitars include a standard design and targets consumers that are searching for a wide range of guitars and basses, while our client's products are made to order customized guitars that includes a 10-degree angle which simplifies the tuning process and makes the guitars sound and feel different. In addition, in terms of pricing Ernie Ball's guitars range from $2,000-$3,000, while our client's guitars are under $2,000. Given the cost associated with these products, quality and feel of our client's guitars, consumers of these goods are unlikely to purchase them on impulse and will make careful decisions to avoid confusion. Therefore, Ball's Marks and our client's headstocks do not appear to have the same consumer base, general musicians as opposed to vintage guitar enthusiasts. As a result, the consumer will be able to distinguish between the products offered by Ernie Ball versus those offered by our client. Thus, there is no likelihood of confusion that exists due to the care exercised by the consumers.

Based on the foregoing reasons, (1) genericness of the Ball's Marks, (2) the purchaser's degree of care, (3) the quality and angle of our client's guitars, and (4) the targeted consumers, we believe that there is no trademark infringement, and he does not owe any fees for damages.

Our client has no interest in stopping advertising the 4+2 and 3+1 headstocks as a feature or characteristic of his guitars. Our client does not have any guitars in inventory as the guitars he offers are made to order.  We want to resolve this issue amicably and believe Ernie Ball and our client can coexist without the likelihood of confusion. Our client is willing to add a disclaimer to his website and social media pages stating there is no affiliation between the two companies to further eliminate any potential confusion.

We look forward to a timely resolution to this matter. This letter is for settlement purposes only and without prejudice to any of our client's rights, which are expressly reserved.

Best regards,


Heather Green Miller, Esq.
Managing Attorney at HGM Law Office, PLLC

# Exhibit A

Third Party Companies offering 4+2 and 3+1 headstocks

- Alembic: http://www.alembic.com/prod/peghead_bass.html

- Gus Guitars: http://www.gusguitars.com/product.php?model_id=6

- Caparison: https://www.caparisonguitars.com/en/

- Kiesel: https://www.kieselguitars.com/series/guitar/vanquish

- Brian Moore: https://www.iguitar.com







# G3 Four

Since its introduction in 1996, the G3 Four has made its mark in the "lower register" world, becoming the instrument of choice for a number of professional players and receiving numerous accolades from the press. Constructed using a special carbon fibre over Cedar technique, the G3 Four is a light weight, strong and resonant instrument, designed to offer full-bodied bass tonality in a comfortable package.

A remarkably satisfying instrument to play, the G3 Four is a passive bass that can deliver a versatile range of single coil and humbucker tonalities from its Twin Gus Tube pickups and unique 4-way switching system...in fact so diverse are the sounds on offer that many people believe there must be a battery in there somewhere!

ABOUT   PRODUCTS   ARTISTS   SHOP   DEALERS   SUPPORT







Brian Moore Guitars®

$\mathcal{M}$

Custom Shop

iGuitar™

i2000 series

i2000 Basses

i1000 series

iGuitar Workshop

· Your Destination for iGuitar and Brian Moore Products
· Now Available Factory Direct · 845-808-5347
· Expert Repairs and Upgrades on All Brands

Artists  Audio Samples

Privacy Notice

Copyright 2011 iGuitar Inc./iGuitar Workshop USA. All Rights Reserved.

Phone 845-808-5347 * Fax 845-808-5348

 **Products >** Bass Peghead Shapes

## 4-string

        

| Crown | Omega | Omega Bevel | Cone | Cone Bevel | Spoiler Cone | Big Cone | Fan | Knob |

      

| Knob for inlaid Rays | Orion | Orion Bevel | Orion 3+1 | Elan | Dragon Claw | Big V |

## 5-string

        

| Crown 2+2 | Crown 2+2 | Omega 2+2 Bevel | Knob 2+2 | Knob 2+2 with Rays | Orion 4+1 | Orion 3+2 | Elan 4+1 | Elan 3+2 |

# EXHIBIT "E"



Baba Masut - Baritone

From $1,200.00 USD

*EXHIBIT "F"*



Joon

From $1,200.00 USD

*EXHIBIT "G"*



Shahram

From $1,200.00 USD

# EXHIBIT "H"



Venus

From $1,300.00 USD