**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Ball Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Ahadi Guitars LLC, et al.,<br><br>        Defendants. | No. CV-22-00294-TUC-JCH<br><br>**ORDER** |

      Before the Court is the parties' "Stipulated Judgment and Permanent Injunction" (the "Stipulation") (Doc. 24). The parties request a Permanent Injunction entered under Federal Rule of Civil Procedure 65 that, once entered, will constitute a final judgment in this matter. The Court hereby finds and orders as follows:

**WHEREAS** the parties stipulate and agree that:

*(1) Findings of Facts*

    a. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties to this action.

        i. The Court finds from the Complaint and Stipulation of the parties:

            1. Plaintiff Ernie Ball, Inc. ("Ernie Ball") is a California corporation.

            2. Ahadi Guitars LLC is an Arizona Corporation. c. Kamran Ahadi Oskouie ("Oskouie"), an individual, is also recognized as a defendant subject to the injunction herein and is the sole and principal shareholder of Ahadi Guitars, LLC. (Collectively "Ahadi.")

3. Ernie Ball has registered federal trademarks (the "Trademarks") that are valid and incontestable for:
   a. No. 1,495,728 design trademark for 3+1 tuner configuration for guitar/bass guitar headstocks; and
   b. No. 1,632,287 design trademark for 4+2 tuner configuration for guitar headstocks.
4. Ernie Ball asserts and presents evidence that Ahadi infringed on the Trademarks of Ernie Ball by manufacturing, advertising, distributing, and selling bass guitars and infringing guitars that feature headstocks with the 3+1 and 4+2 tuner configurations for bass guitar and guitar and that this infringes upon Plaintiff's registered Trademarks
5. Ernie Ball asserts that a substantial likelihood of success on the merits exists regarding its claims against Ahadi.
6. Ahadi denies the allegations of Ernie Ball.

*(2) Conclusions of Law*

Rather than litigate the foregoing assertions and denials, the Parties have reached a settlement pursuant to a Court-ordered mediation, whereby they have stipulated to a Permanent Injunction against Ahadi Guitars, LLC and Kamran Ahadi Oskouie and all persons acting as agents of or in concert with them (collectively "Ahadi"), directly or indirectly.

**IT IS ORDERED ADOPTING** the parties' settlement resolution (Doc. 24);

**IT IS FURTHER ORDERED ENTERING** the following Permanent Injunction:

(1) Ahadi Guitars, LLC and Kamran Ahadi Oskouie, and all persons acting as agents of or in concert with them are permanently enjoined from using, advertising or selling, and from infringing in any way on the Ernie Ball Trademarks:
   a. No. 1,495,728 design trademark for 3+1 tuner configuration for guitar/bass guitar headstocks; and

///

    b. No. 1,632,287 design trademark for 4+2 tuner configuration for guitar headstocks.

(2) Ahadi Guitars, LLC and Kamran Ahadi Oskouie, and all persons acting as agents of or in concert with them are permanently enjoined from all manufacturing, advertising, and sale of instruments using the Ernie Ball Trademarks and must delete and destroy existing advertising and existing instruments, if any.

**IT IS FURTHER ORDERED ADVISING** that the Court retains jurisdiction during and after final disposition of this action to enforce this Permanent Injunction and to make such amendments, modifications, deletions, and additions to this Permanent Injunction as the Court may from time to time deem appropriate or as may be requested by the parties.

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 13th day of December, 2022.

_____
Honorable John C. Hinderaker
United States District Judge